IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LEAH DANEEN THOMPSON                                                                               PLAINTIFF

v.                                                  4:25-cv-00538-DPM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                                                    DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Leah Daneen Thompson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments.  (Tr. 18-29.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-six years old. (Tr. 49.)  She has a twelfth-grade education and past relevant work as a kitchen helper.  (Tr. 24.)

The ALJ[1] first found Ms. Thompson has not engaged in substantial gainful activity since her alleged onset date of July 5, 2022.  (Tr. 21.)  She has "severe" impairments in the form of depression and post-traumatic stress disorder.  (*Id.*)  Next, the ALJ found Ms. Thompson did not have an impairment or combination of impairments meeting or equaling an impairment listed in

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21-22.)

The ALJ determined Ms. Thompson had the physical residual functional capacity (RFC) to perform work at all exertional levels. (Tr. 22.) The ALJ further found - based on Plaintiff's mental limitations - she "should be able to do unskilled work and is able to apply common sense understanding to carry out instructions furnished in written, oral or diagrammatic form and to deal with problems involving several concrete variables in or from standardized situations; incidental social interaction with co-workers and the general public; able to interact appropriately with supervisor." (*Id.*)

Given her RFC finding, the ALJ determined Ms. Thompson could no longer perform her past relevant work as a kitchen helper. (Tr. 24.) Accordingly, the ALJ utilized the services of a vocational expert to help determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 66-69.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of hand packager, machine packager, and warehouse worker. (Tr. 28.) Accordingly, the ALJ determined Ms. Thompson was not disabled. (Tr. 28-29.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to develop the record. (Doc. No. 7 at 5-10.) She says:

> The ALJ aggressively pressured the plaintiff to amend her onset date forward from the 2020 date to a 2022 date. [Tr. 51-52; 69-70] The effect of the amendment was to narrow the relevant time period being adjudicated to the 07/05/2022 date forward to 04/19/2024, in this SSI-only claim. The prior MSCE by Dr. Ott was dated

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

> 03/22/2019. [Tr. 537] The prior treating psychiatrist opinion evidence was authored by Kevin Price, M.D., on 05/05/2020. [Tr. 445] The DDS opinion evidence is dated 02/27/2023 and the reconsideration MSO is dated 07/03/2023. [Tr. 107; 98] The opinions of the PCP APN Cindy Nicole Burnett, APRN, were dated 10/24/2023. [Tr. 552; 554].

(*Id.* at 6.) Plaintiff's point is her symptoms had changed and required an updated consultative mental diagnostic evaluation. (*Id.* at 7-10.)

The Commissioner responds:

> While the ALJ found the March 2019 psychological consultative examination of Don Ott, M.D. (obtained in connection with an unsuccessful prior claim) "too remote" to Plaintiff's SSI application dated July 2022, the ALJ reasonably found the remaining evidence of record sufficient to evaluate her claim (Tr. 24-25). In addition to containing medical and other records pertaining to Plaintiff's mental condition during the claimed period of disability, the record included assessments from two state agency psychiatrists dated February and July 2023, which the ALJ found persuasive (Tr. 21-27, 96-99, 104-08).

(Doc. No. 10 at 5.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to [her] do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the record contains ample medical records to support the ALJ's decision. As the Commissioner argues, the ALJ considered her more recent treatment notes (Tr. 24-26) and had

4

evaluations from David Voss, Ph.D., (Tr. 96-99), and Rachel Morrisey, Ph.D. (Tr. 104-108.) While Plaintiff's subjective symptoms were very limiting, the objective examinations in the record reveal nothing disabling. (Tr. 362, 365, 390, 410, 427-428, 460, 462, 465, 469, 505, 510-511, 524, 530, 531, 533, 535, 551, 584-585, 594, 619, 625, 629, 631-632, 647.) I do recognize that a number of these examinations reported Plaintiff's mood was depressed or abnormal and her affect was blunted. (*See e.g.* Tr. 465, 505, 510-511, 584-585.) But at the same time, she was generally cooperative, had normal eye contact, her speech was clear, she had no delusions or psychosis, normal thought process, was oriented to person, place and time, had good or fair judgment and insight. Additionally, recent treatment notes report that Plaintiff's prognosis is "good." (Tr. 39, 625.)

Here, the ALJ properly focused on Plaintiff's ability to function rather than focusing on her diagnoses. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Accordingly, I find the ALJ could rightly determine Plaintiff could perform work with "incidental social interaction with co-workers and the general public." (Tr. 22.)

I have also reviewed the transcript of the hearing where Plaintiff says the "ALJ aggressively pressured the plaintiff to amend her onset date forward from the 2020 date to a 2022 date." (Doc. No. 7 at 6, Tr. 51-52, 70.) Only having a written transcript, I am unable to see where the ALJ aggressively pressured Plaintiff. But I am persuaded by the Commissioner's response on this point. The Commissioner states, "To be eligible for SSI under Title XVI, Plaintiff has to prove that she was disabled *while her application was pending*. See 42 U.S.C. § 1382c; 20 C.F.R. §§ 416.330, 416.335. Thus, the relevant period ran from her filing date of July 5, 2022, through the

5

date of the ALJ's decision." (Doc. No. 10 at 5, n.2)(emphasis in original.) Accordingly, Plaintiff's point has no merit.

Plaintiff also argues that the ALJ "failed to properly evaluate the Plaintiff's subjective complaints and apply the *Polaski* factors." (Doc. No. 7 at 10-11.) The ALJ analyzed Ms. Thompson's symptoms considering Social Security Ruling 16-3p, (Tr. 22-27), which closely tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). This seminal Eight Circuit case states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Ms. Thompson's subjective complaints. In doing so, the ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
> . . .

> The undersigned also notes that the claimant's activities of daily living are not as restricted as alleged. Specifically, the claimant's function report revealed that the claimant had no difficulties attending to her personal needs, shopped in stores, prepared meals, watched television, and spent time with others (Exhibit B5E). Overall, these activities when viewed in conjunction with the claimant's allegations of pain and dysfunction, belies the persuasiveness of the claimant's allegations. Hence, the undersigned's determination that the claimant can perform the nonexertional demands not above is fully supported by the medical record and the claimant's activities of daily living. The undersigned, therefore, notes that the abovementioned testimony is not fully persuasive.
> . . .
> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the medical record and the claimant's activities of daily living. As stated previously, the record revealed that the claimant's activities of daily living were consistent an ability to perform work at all exertional levels. The undersigned notes that the claimant was not advised to restrict her activities of daily living nor was the claimant advised to refrain from the performance of sustained work activity. The undersigned notes that the claimant has experienced some difficulties, but such have not been proven to be of disabling proportions as evidenced by the medical record and the claimant's activities of daily living.

(Tr. 24.)

The ALJ fairly went through the required factors and her conclusions are supported by the objective medical evidence. Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

I have also carefully considered Plaintiff's additional argument, that the ALJ's RFC assessment was flawed, and I find no errors. The Commissioner, citing *Chismarich v. Berryhill*, 888 F.3d 978, 979-80 (8th Cir. 2018), correctly argues, "Plaintiff fails to clearly identify any specific limitations the ALJ omitted from the RFC, let alone show how the evidence cannot be harmonized with the significant limitations the ALJ assessed." (Doc. No. 10 at 8.) The record contains ample support as a whole that "a reasonable mind might accept as adequate to support

7

[the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

Ms. Thompson's counsel has done an admirable job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 21st day of November 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE